# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 21, 2013

Lyle W. Cayce
Clerk

No. 11-60675
Summary Calendar

CHUNGUANG LIN, also known as Chun Guang Lin,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 315 117

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Chunguang Lin, a native and citizen of China, was ordered removed *in absentia* after failing to appear at a 2002 removal hearing. In 2007, Lin filed an untimely motion to reopen based on purported new evidence that he would be forcibly sterilized if he returned to China: since his 2002 removal order, he had married and fathered two children, who were born in the United States, in violation of China's one-child policy. An immigration judge denied the motion; and, in 2008, the Board of Immigration Appeals (BIA) dismissed Lin's appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2011, Lin filed a second motion to reopen, citing newly-available evidence that enforcement of the one-child policy had recently increased in his home province. He contends the BIA abused its discretion by denying this second motion to reopen.

Motions to reopen are disfavored, and their denial is reviewed under a "highly deferential abuse of discretion standard". *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). The BIA's ruling will stand "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Zhao v. Gonzales,* 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted). Numerical and temporal limitations on motions to reopen do not apply where a motion is based on evidence of "changed country conditions arising in the country of nationality or the country to which deportation has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding". 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Lin maintains his "individualized letters" from Chinese family-planning authorities, internal State Department documents, Chinese documents suggesting increased enforcement of the one-child policy through forced sterilization, and the 2009 Annual Report from the Congressional-Executive Commission on China show changed country conditions. The BIA determined the letters and Chinese documents were, *inter alia*, not authenticated, and the remainder of the evidence was insufficient to show a change in country circumstances or conditions.

Lin has not shown the BIA abused its discretion in denying his motion to reopen. The record demonstrates the BIA considered the evidence and Lin's contentions, and determined they did not establish changed country conditions regarding the treatment of violators of the family planning law. Regardless of

whether the BIA erred in determining the letters and other Chinese documents were not authenticated, the BIA's ruling that Lin failed to show a change in country conditions was not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it [was] arbitrary rather than the result of any perceptible rational approach". *Zhao,* 404 F.3d at 304 (internal quotation marks and citation omitted).

DENIED.